IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| **Plaintiff** : | |
| v. : | Civil Action No. - |
| : | |
| **$213,573 U.S. Currency,** : | |
| **Defendant** : | |
| : | |

18cv3565 CBD

: : : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Robert K. Hur, United States Attorney for the District of Maryland, and Ray D. McKenzie, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. Currency which constitutes or is derived from proceeds traceable to violations of the Controlled Substances Act, and that is thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2. The defendant property consists of $213,573 in U.S. Currency (hereinafter, the "Defendant Currency").

3. The Defendant Currency was seized from the residence of Scott Anthony Williams and Patti Ann Amoy Chaplin at 10301 Bristlewood Court, Laurel, Maryland 20708 on June 6, 2018, pursuant to the execution of a search and seizure warrant.

### JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C § 881.

5. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, or securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Jason Oros of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays as follows: that all persons who reasonably appear to be potential claimants with interests in the Defendant Currency be cited to appear herein and answer the Complaint; that the Defendant Currency be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the Department of Homeland Security

dispose of the Defendant Currency according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Respectfully submitted,

Robert K. Hur
United States Attorney

11/16/18
Date

Ray D. McKenzie
Assistant United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, MD 20770
Telephone (301) 344-4433

## **VERIFICATION**

I, Ray D. McKenzie, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by Jason Oros of the Drug Enforcement Administration, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Date

Ray D. McKenzie
Assistant United States Attorney

## **DECLARATION**

This declaration is submitted in support of a complaint for forfeiture of $213,573.00 in United States Currency.

1. I, Jason Oros, a Task Force Officer with the Drug Enforcement Administration (DEA), submit that there are sufficient facts to support a reasonable belief that the $213,573.00 in U.S. Currency seized from the residence located at 10301 Bristolwood Court, Laurel, Maryland 20708 on June 6, 2018, (the "Defendant Currency") constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and, thus, the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## **DECLARANT'S BACKGROUND**

2. I, Jason Oros, have been a Trooper with the Maryland State Police for approximately seventeen years and have been assigned to the Drug/Criminal Enforcement Division for approximately ten of those years. In my latest assignment, I have been assigned as a duly sworn Task Force Officer with the Baltimore, Maryland District Office of the Drug Enforcement Administration.

3. During my career, I have received formalized training in the identification of controlled substances through: (1) the six-month long Maryland State Police Training Academy, which I completed in December 2001; (2) NIK Polytesting System on narcotics identification

course 2001; and, (3) a Northeast Counterdrug Training Center Basic Drug Identification course in 2007. I have also attended the weeklong "Top Gun" basic drug investigators school hosted by the National Counter Drug Training Center and the Maryland State police in April 2008. These trainings included instruction in the identification and investigation of controlled dangerous substances, prices, methods of packaging, concealment, terminology, methods of consumption, effects of controlled dangerous substances, methods of distribution, methods of purchase and routes of import and distribution.

4. Based on my training and experience, I have testified as an expert witness in the field of drug identification, detection, manufacturing, use and distribution of Controlled Dangerous Substances in the District and Circuit Courts for Queen Anne's County, Maryland, the District Court for Charles County, Maryland, and in the federal district court for the District of Maryland.

## SUPPORTING FACTS

5. On April 12, 2018, New York State Police (NYSP) Troopers took a missing person report in Binghamton, New York for Noah Walter Smothers.

6. During the investigation, NYSP witnesses provided information indicating that Smothers had been scheduled to travel to the Baltimore, Maryland area in order to meet with "Tae," and "Tae's Uncle," from whom Smothers expected to purchase a large quantity of narcotics and to whom Smothers had sold narcotics in the past.

7. Investigators subsequently determined, through investigation, that TAEYAN RAYMOND WILLIAMS ("T. WILLIANS" or "TAE"), SCOTT ANTHONY WILLIAMS ("S. WILLIAMS"), and RICARDO O'NEIL CARTY were persons of interest who could be Smother's connection for the sale and purchase of drugs in Maryland.

8. Motor Vehicle Administration records and other evidence obtained by investigators established reason to believe that both T. WILLIAMS and S. WILLIAMS were residing at 10301 Bristolwood Court, Laurel, Prince George's County, Maryland 20708.

9. On June 5, 2018, the Honorable Michael R. Pearson, Judge for the Circuit Court for Prince George's County, Maryland issued a search and seizure warrant for the residence located at 10301 Bristolwood Court, Laurel, Prince George's County, Maryland 20708, including any persons and vehicles on the property.

10. On June 6, 2018, investigators with the Maryland State Police and the Drug Enforcement Administration executed the search and seizure warrant.

11. Investigators located and identified three occupants of the residence at the time of the search: S. WILLIAMS, CARTY,[1] and Patti Ann Amoy CHAPLIN. All three of these individuals were detained during the search.

12. Investigators conducted a thorough search of the residence and located, among other things, numerous electronics, a security system, four firearms, two knives, a drug ledger, 72.93 pounds of marijuana (separated in multiple bags with labels that appear to identify a particular strand of marijuana including, e.g., "Forbidden Fruit," "Sour #2," "Cheeizel," "Key Limon"), 2,018 Methamphetamine pills, 252 grams of cocaine, 25 "Xanax" pills, 77 grams of an unknown crystal, 45.5 grams of cannabis oil in 91 vials, 8.2 grams of THC in edible gummies (820 gummies),[2] $213,573.00 in U.S. Currency (i.e., the Defendant Currency) and $4,650.00 in counterfeit currency.

---

[1] Investigators subsequently obtained information indicating CARTY had an outstanding warrant in New Jersey, but the warrant was not extraditable.

[2] The presence of these controlled dangerous substances has been confirmed through lab testing.

13. Of the $213,573.00 in Defendant Currency, $5,003.00 was seized from CARTY's pants pocket; $5,322.00 was seized from the downstairs bedroom, believed to be used by TAE WILLIAMS; and, the remaining $203,248.00 was seized from the master bedroom, believed to be used by S. WILLIAMS — $13,248.00 in various locations and $190,000 in a toolbox located underneath the bed. The $190,000 recovered from the toolbox was packaged in rubber bands and separated in pre-counted increments, which I believe, based on my training, knowledge and experience, to be consistent with the storing of drug proceeds.

14. On the drug ledger, investigators observed next to each box/strain of marijuana written in marker the words "ME", "TAE", or "TEAM".

15. During the course of the search, investigators verified that "Tae" is TAEYAN WILLIAMS, S. WILLIAMS' son, who also resides at 10301 Bristolwood Court.

16. While investigators were still on scene of the search warrant, S. WILLIAMS was advised of his *Miranda* Rights and agreed to speak with investigators.

17. S. WILLIAMS stated that all of the guns and controlled substances in the residence belonged to him.

18. S. WILLIAMS was thereafter indicted by a grand jury empaneled in Prince George's County, Maryland and is now charged in the Circuit Court for Prince George's County, Case No. CT181391X, with numerous counts of possessing controlled dangerous substances, manufacturing/distributing/possessing with the intent to distribute controlled dangerous substances, firearms offenses, and other related charges.

19. T. WILLIAMS was also charged with one count of Possessing With the Intent to Distribute CDS, one count of CDS: Possession of Marijuana 10 GM+, and CDS: Possession of Paraphernalia.

20. Additional information obtained during the investigation reflects that CARTY was also involved in drug transactions with Smothers and the WILLIAMS. Specifically, information obtained during the investigation indicates that Smothers traveled to the State of Maryland on March 4, 2018. Also on this date, CARTY'S phone records indicate that CARTY drove from New Jersey to Maryland and stayed at S. WILLIAMS' residence for less than 24 hours before returning to New Jersey, a period that overlapped with Smothers' time in Maryland.

21. Similarly, on April 5, 2018, information indicates that Smothers traveled to Maryland, removed several boxes of marijuana from a storage locker he (Smothers) maintained in Maryland, and then visited S. WILLIAMS' residence. On this same date, records show CARTY traveled from New Jersey to Maryland and stayed at WILLIAMS' residence. During this visit, records reflect that CARTY only remained in Maryland for approximately four hours.

22. Finally, as noted above, when investigators conducted the search warrant at WILLIAMS' residence on June 6, 2018, CARTY was located inside. During an interview on that date, CARTY was unable to provide a reasonable explanation for why he was at WILLIAMS' residence. CARTY indicated that he was at S. WILLIAMS to "visit," but did not bring any clothes or personal effects with him; arrived in a rental car; and carried only a cellular telephone and approximately $5,000 in cash. CARTY moreover arrived at the house in the early morning hours, and according to CARTY, WILLIAMS was not even aware that CARTY had arrived at the residence prior to the execution of the search warrant. Consequently, CARTY arrived at residence at a time when investigators believed that WILLIAMS had recently "re-upped" his drug supply, and that CARTY was present at S. WILLIAMS to purchase drugs.

23. A criminal history check on S. WILLIAMS revealed the following additional arrests:

   a. 07/15/2017: Mal. Destruction of Property - $1,000, Disorderly Conduct;
   b. 06/23/2013: Disturbing the Peace;
   c. 07/19/2009: Assault-Sec. Degree;
   d. 04/23/2009: Theft: Less $500 Value;
   e. 08/21/2006: Assault-Sec. Degree (two counts);
   f. 09/13/2004: Theft: Less $500 Value;
   g. 06/24/1998: Assault-Sec. Degree;
   h. 07/09/1997: Theft: Less $300 Value;
   i. 12/24/1996: Uttering False Document, Attempted Theft: $300 plus Value

24. A criminal history check on T. WILLIAMS revealed the following arrests:

   j. 01/07/2018: Drugs-Possession of Cocaine, Burglary Nighttime;
   k. 01/08/2018: Drugs-Possession With Intent to Deliver Narcotics;
   l. 07/23/2017: CDS: Possession – Not Marijuana;
   m. 11/16/2013: CDS: Poss. Marijuana L/T 10 G, CDS: Possession Paraphernalia.

25. A criminal history check on CARTY revealed the following arrests:

   n. 11/02/2018: CDS PWID and CDS: Possession Marijuana 10 GM+;
   o. 03/12/2017: Theft: Less $1,000 Value;
   p. 01/15/2017: Theft: Less $1,000 Value.
   q. 06/06/2014: Possession CDS - > 50G marijuana, 5G, CDS – Manufacturing/Distributing/PWID-Marijuana/>1oz, CDS/Analog-Distribute on/near School, Use/Possession With the Intent to Use Drug Paraphernalia;

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE DRUG ENFORCEMENT ADMINISTRATION AND THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $213,573.00 U.S. CURRENCY FROM SCOTT ANTHONY WILLIAMS, TAEYAN RAYMOND WILLIAMS AND RICARDO O'NEIL CARTY ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

TFO _____
Jason Oros
Task Force Officer
Drug Enforcement Administration

6