Patti Ann Amoy Chaplin
c/o
Jacek W. Lentz, Esq.
THE LENTZ LAW FIRM, P.C.
1200 Wilshire Blvd., Suite 406
Los Angeles, CA 90017
Telephone: (213) 250 - 9200
Facsimile: (213) 250 - 9161
Email: jwl@lentzlawfirm.com

Claimant In Pro Per



# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$ 213,573 IN U.S. CURRENCY,

        Defendant(s).

Case Action No.8:18-CV-03565-CBD

**VERIFIED ANSWER TO COMPLAINT IN REM AND DEMAND FOR TRIAL BY JURY OF CLAIMANT PATTI ANN AMOY CHAPLIN**

TO THE HONORABLE COURT AND THE OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF MARYLAND:

    CLAIMANT PATTI ANN AMOY CHAPLIN hereby answers the Plaintiff's Complaint For Forfeiture In Rem (the "Complaint") as follows:

    Claimant reserves the right to supplement and amend this Answer as necessary as matters develop through discovery of certain facts and circumstances regarding the Complaint and specifically reserves his right to file any applicable counterclaims.

    Please take notice that Claimant demands trial by jury of the issues and defenses raised by this claim and answer.

ANSWER TO COMPLAINT FOR FORFEITURE IN REM     -1-

1. Claimant admits allegations contained in Paragraph 1.

2. Claimant admits allegations contained in Paragraph 2.

3. Claimant admits that Defendant Currency was seized from the residence of Scott Anthony Williams and Patti Ann Amoy Chaplin on or about June 6, 2018. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 3 that the search and seizure took place pursuant to a search warrant and, therefore, generally and specifically denies the allegation that the search and seizure took place pursuant to a search warrant.

4. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, generally and specifically denies the allegations in Paragraph 4.

5. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, generally and specifically denies the allegations in Paragraph 5.

6. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, generally and specifically denies the allegations in Paragraph 6.

7. Claimant denies the allegations in Paragraph 7.

8. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the affidavit referred to in Paragraph 8 of the Complaint and, therefore, generally and specifically denies the allegations in the affidavit referred to in Paragraph 8 of the Complaint and Paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

9. Claimant repeats the denials and affirmative allegations set forth in paragraphs 1 through 8 of this Answer, as though fully set forth here. In addition,

Claimant raises the following numbered defenses to the Complaint.

**FIRST DEFENSE**

9. The Complaint, and each purported claim for relief, fails to state facts sufficient to constitute claim(s) upon which relief can be granted to defeat Claimant's claim to subject properties.

**SECOND DEFENSE**

10. The Plaintiff lacks probable cause for belief that a substantial connection exists between the properties sought to be forfeited and any unlawful conduct.

**THIRD DEFENSE**

11. This Court lacks jurisdiction over the Defendant properties or this action, and venue in any forum, is improper and inconvenient.

**FOURTH DEFENSE**

1. The evidence seized during the search must be suppressed as the fruit of an unreasonable search and seizure under the Fourth Amendment to the United States Constitution and *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693 (1965).*

**FIFTH DEFENSE**

12. The forfeiture of the defendant properties, in addition to any criminal

punishment, fines and assets that may be forfeited would be grossly disproportionate punishment in violation of the Eight Amendment's Excessive Fines Clause, and *Austin v. United States, 509 U.S. 602 (1993).*

### SIXTH DEFENSE

13. Plaintiff has failed to comply with several statutory notice requirements, which, among other legal consequences, make the Complaint void and null.

### SEVENTH DEFENSE

14. Without waiving any defense asserted above, Claimant further asserts that Defendant properties are not subject to forfeiture on the basis that any act or omission, if any, on the part of any other individual that would potentially give rise to forfeiture of the Defendant property, was committed or omitted without the knowledge or consent of the Claimant.

WHEREFORE, Claimant prays that the Honorable Court will:

1. Dismiss the Complaint and enter judgment on behalf of the Claimant and that Plaintiff take nothing by reason of this suit;

2. Deny issuance of a certificate of reasonable cause pursuant to 28 U.S.C. Section 2465 and award costs and attorney's fees to the Claimant; and

///
///
///

3. Provide such other and further relief, both legal and equitable, as the Court deems proper and just.

DATED: January 21, 2019

Respectfully submitted,

By: _____
Patti Ann Amoy Chaplin
Claimant In Pro Per

## VERIFICATION

I, Patti Ann Amoy Chaplin, do hereby verify that I have read the foregoing answer, and declare under penalty of perjury that the allegations therein are true and correct.

Executed this 21st day of January, 2019.

_____
PATTI ANN AMOY CHAPLIN

# PROOF OF SERVICE

I, Gina Garfias, declare as follows:

I am employed in the City of Los Angeles, California. I am over the age of eighteen years, and not a party to the within case; my business address is The Lentz Law Firm, P.C., 1200 Wilshire Blvd, Suite 406, Los Angeles, California 90017. On Jan. 29, 2019, I served the within:

**VERIFIED ANSWER OF CLAIMANT PATTI ANN AMOY CHAPLIN**

in the U.S. District Court Case No. 8:18-CV-03565-CBD, by sending a true copy thereof, as indicated and addressed as follows:

> **Mr. Ray McKenzie**
> **United States Attorney's Office**
> **6500 Cherrywood Lane**
> **Greenbelt, MD 20770**
> **[Fax: ]**

[x] **(BY MAIL)** By placing such document in an envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at the office of The Lentz Law Firm, P.C., Los Angeles, California following ordinary business practice. I am readily familiar with the practice of The Lentz Law Firm, P.C., for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] **(BY PERSONAL SERVICE)** By causing such document to be delivered by hand with instructions that it be personally served.

[ ] **(BY FACSIMILE)** By placing such document for collection and transmission at the office of The Lentz Law Firm, P.C., Los Angeles, California, to the facsimile numbers listed above. I am readily familiar with the practice of The Lentz Law Firm, P.C., for collection and processing of facsimiles, said practice being that in the ordinary course of business, facsimiles are transmitted immediately after being placed for processing.

I declare under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct and that this declaration was executed on January 29, 2019, at Los Angeles, California.

_____
Gina Garfias